NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-5094

CCA ASSOCIATES,

Plaintiff-Appellee,

v.

UNITED STATES,

Defendant-Appellant.


Elliot E. Polebaum, Fried, Frank, Harris, Shriver & Jacobson, LLP, of Washington, DC, argued for plaintiff-appellee.

Kenneth D. Woodrow, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for defendant-appellant.  With him on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Brian M. Simkin, Assistant Director.  Of counsel was Elliot J. Clark, Jr., Deputy General Counsel for Litigation, Office of General Counsel, Defense Commissary Agency, of Fort Lee, Virginia.

Appealed from:  United States Court of Federal Claims

Judge Charles F. Lettow

# United States Court of Appeals for the Federal Circuit

2007-5094

CCA ASSOCIATES,

Plaintiff-Appellee,

v.

UNITED STATES,

Defendant-Appellant.

Appeal from the United States Court of Federal Claims in case no. 97-CV-334, Judge Charles F. Lettow.

_____

DECIDED:    July 21, 2008

_____

Before DYK, PROST, and MOORE, <u>Circuit Judges</u>.

PER CURIAM.

This is another case involving a regulatory takings claim arising out of the enactment of the Emergency Low Income Housing Preservation Act of 1987, Pub. L. No. 100-242, tit. II, 101 Stat. 1877 (1988) ("ELIHPA") and the Low-Income Housing Preservation and Resident Homeownership Act of 1990, Pub. L. No. 101-625, tit. VI, 104 Stat. 4249 (1990) (codified at 12 U.S.C. §§ 4101-4124) ("LIHPRHA") (collectively "the Preservation Statutes").  Defendant-Appellant United States ("the government") appeals from a final judgment of the Court of Federal Claims, finding that Plaintiff-Appellee CCA Associates ("CCA") suffered a temporary taking and awarding CCA just

compensation. <u>CCA Assocs. v. United States</u>, 75 Fed. Cl. 170, 206 (2007). We <u>affirm-in-part, vacate-in-part, and remand</u>.

We most recently addressed these issues in <u>Cienega Gardens v. United States</u>, 503 F.3d 1266 (Fed. Cir. 2007) ("<u>Cienega X</u>"). That decision, which issued after the decision of the Court of Federal Claims in this case and the submission of the government's opening brief, addressed arguments that are in many respects identical to those presented here.

As a panel of this court, we are obligated to follow our earlier decision in <u>Cienega X</u>. However, notwithstanding <u>Cienega X</u>, the government argues that CCA's takings claims are not ripe because CCA did not apply for permission to prepay the loan, or, alternatively, that it did not apply for either of the two other benefits available under the Preservation Statutes—the use agreement option and the sale option.

We find that there is no distinction between the government's contention here that CCA's claim is not ripe, and the contention made in <u>Cienega X</u>, which we rejected. Just as applying for permission to prepay was shown in <u>Cienega X</u> to be futile and therefore not necessary for ripeness, so too here the Court of Federal Claims did not err in finding that an application to prepay would be futile and that the takings claim was ripe. In <u>Cienega X</u>, we also rejected the argument that an owner must pursue other statutory options in order to achieve ripeness, holding that "the ripeness doctrine does not require the owners to apply for voluntary incentives such as the sale option that they did not wish to pursue." <u>Id.</u> at 1275 n.9. We therefore affirm the Court of Federal Claims' determination that CCA's takings claim is ripe.

CCA urges that we not follow <u>Cienega X</u>, and that the Court of Federal Claims' conclusion that a taking occurred should be affirmed. We disagree. On the merits of the takings analysis, <u>Cienega X</u> requires that we vacate the judgment here and remand for further consideration in accordance with <u>Cienega X</u>. Here, as in <u>Cienega X</u>, the Court of Federal Claims "should allow both sides to supplement the record with additional relevant evidence if they wish to do so." <u>Id.</u> at 1291.

<u>AFFIRMED-IN-PART, VACATED-IN-PART, AND REMANDED</u>

No costs.